United States Bankruptcy Court

Middle District of Florida

| | |
|---|---|
| In re: | Case No. 21-02336-KSJ |
| Nezar Saeed Hammo | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 113A-6 | User: thomac | Page 1 of 2 |
| Date Rcvd: Aug 25, 2021 | Form ID: B318 | Total Noticed: 15 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 27, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Nezar Saeed Hammo, 8613 Redskin Ct., Orlando, FL 32829-8790 |
| cr | + | Fifth Third Bank, National Association, 5001 Kingsley Dr., MD 1MOBBW, Cincinnati, OH 45227-1114 |
| cr | + | World Omni Financial Corp, Tripp Scott PA, c/o H. Michael Solloa, Jr., Esq., 110 SE 6th ST, 15th Floor, Fort Lauderdale, FL 33301-5004 |
| 29531493 | | Barclay Bank/Jet Blue, PO Box 8801, Wilmington, DE 19899-8801 |
| 29531494 | + | Boatman Ricci, PA, 3021 Airport-Pulling Road N, Suite 202, Naples, FL 34105-3077 |
| 29531496 | + | Fifth Third Bank, 5050 Kingsley Drive, MD 1 MOCFP, Cincinnati, OH 45227-1115 |
| 29531497 | + | Hagan Noll & Boyle, LLC, Two Memorial City Plaza, 820 Gessner, Suite 940, Houston, TX 77024-4294 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 29531492 | + | EDI: AMEREXPR.COM | Aug 26 2021 01:08:00 | American Express, PO Box 981535, El Paso, TX 79998-1535 |
| 29611804 | + | EDI: AQUAFINANCE.COM | Aug 26 2021 01:08:00 | Aqua Finance, 1 Corporate Dr, Suite 300, Wausau, WI 54401-1724 |
| 29611803 | + | EDI: AQUAFINANCE.COM | Aug 26 2021 01:08:00 | Aqua Finance Inc, PO Box 844, Wausau, WI 54402-0844 |
| 29531495 | + | EDI: ESSL.COM | Aug 26 2021 01:08:00 | Dish Network LLC, 9601 South Meridian Blvd, Englewood, CO 80112-5905 |
| 29531490 | | EDI: FLDEPREV.COM | Aug 26 2021 01:08:00 | Florida Department of Revenue, Bankruptcy Unit, Post Office Box 6668, Tallahassee FL 32314-6668 |
| 29531491 | | EDI: IRS.COM | Aug 26 2021 01:08:00 | Internal Revenue Service, Post Office Box 7346, Philadelphia PA 19101-7346 |
| 29531489 | + | Email/Text: Bankruptcy@octaxcol.com | Aug 25 2021 21:10:00 | Orange County Tax Collector, PO Box 545100, Orlando FL 32854-5100 |
| 29531498 | + | Email/Text: bankruptcy@wofco.com | Aug 25 2021 21:10:00 | Southeast Toyota Finance, PO Box 991817, Mobile, AL 36691-8817 |

TOTAL: 8

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

District/off: 113A-6  User: thomac  Page 2 of 2
Date Rcvd: Aug 25, 2021  Form ID: B318  Total Noticed: 15

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 27, 2021    Signature:    /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 25, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Gene T Chambers | gtchambers@cfl.rr.com  gtc@trustesolutions.com;gtc@trustesolutions.net |
| H Michael Solloa, Jr | on behalf of Creditor World Omni Financial Corp mxs@trippscott.com  bankruptcy@trippscott.com |
| James A Boatman, Jr | on behalf of Plaintiff Dish Network L.L.C. jab@boatman-law.com |
| Joel L Gross | on behalf of Debtor Nezar Saeed Hammo joel@joelgrosspa.com  MLFlorence@cfl.rr.com |
| United States Trustee - ORL7/13 | USTP.Region21.OR.ECF@usdoj.gov |

TOTAL: 5

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Nezar Saeed Hammo** <br> First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–5901 <br> EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ <br> EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Florida** | | |
| Case number:   **6:21–bk–02336–KSJ** | | |

# Order of Discharge                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

   Nezar Saeed Hammo
   aka Nezar Abdulnafea Saeed Hammo

-

Dated: August 25, 2021

Karen S. Jennemann
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**